IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

RICHARD TITUS,
Plaintiff,

v.

Case No. 1:12-CV-01030-MMM-JEH

RANDY PFISTER, et al.,
Defendants.

**Report and Recommendation**

Before the Court is attorney Nathaniel Schmitz's Motion for Reimbursement of Out-of-Pocket Expenses (D. 56), and Plaintiff's, Richard Titus ("Titus"), response thereto. (D. 57). The undersigned recommends that Attorney Schmitz's motion be GRANTED.

**I**

On January 24, 2012, Titus, a prisoner in the custody of the Illinois Department of Corrections, filed a *pro se* Complaint against the Defendants. On December 12, 2012, the Court appointed attorney Nathaniel Schmitz to represent Titus pursuant to this District's Plan for the Appointment of Counsel for Indigent Parties in Certain Civil Cases ("Plan"). Attorney Schmitz entered his appearance on December 20, 2012, and represented Titus through the conclusion of his case via settlement, which resulted in a Stipulation of Dismissal filed on October 26, 2015. Thereafter, on November 11, 2015, Mr. Schmitz filed his Motion for Reimbursement of Out-Of-Pocket Expenses (D. 56), seeking a total of $688.57 in reimbursement for deposition and transcript expenses; travel expenses; and photocopying expenses. (D. 56-1). Titus, believing that he would be liable for the reimbursement of said expenses, objected to the motion. (D. 57).

**II**

1

The Plan allows for the "[r]eimbursement of pro bono counsel for out-of pocket expenses and payment of witness fees and other expenses for indigent pro se civil litigants." Plan for the Establishment and Administration of the District Court Fund, C(6). Any reimbursement of such expenses is subject to the restrictions and regulations contained within the Plan. Regulations Governing Reimbursement of Expenses, A(1). Among those regulations and restrictions are: a $1,000 cap per proceeding; a requirement that a request for reimbursement be "accompanied by sufficient documentation to permit the court to determine that the request is appropriate and reasonable and that the amounts have actually been paid out"; and a requirement that an attorney file a motion with the Court before incurring expert witness fees. *Id* at B(2) & C(1).

Allowable reimbursable out-of-pocket expenses include deposition and transcript expenses; travel expenses (provided such case-related travel is done in a privately owned vehicle and mileage is claimed at the rate currently prescribed for federal judiciary employees); and photocopying services, photographs, and telephone toll calls, so long as those expenses are actually incurred and not part of general office overhead expenses. *Id* at D(3) & (6).

### III

The Court initially notes that, contrary to Titus's belief, any reimbursement of out-of-pocket expenses does *not* come from Titus himself. Rather, such reimbursement comes from the District Fund. *See* Plan for the Establishment and Administration of the District Court Fund, C(6). Accordingly, there is no factual basis for Titus's objection.

Applying the Plan to Mr. Schmitz's motion, all of his out-of-pocket expenses are in categories reimbursable under the Plan, actually incurred, reasonable, under the $1.000 cap set forth in the Plan, and properly

documented. Accordingly, the undersigned RECOMMENDS that the motion for reimbursement of out-of-pocket expenses be GRANTED. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

The undersigned also thanks Mr. Schmitz for his able representation of Mr. Titus, which lasted for nearly three-years, during which time Mr. Schmitz undoubtedly donated numerous hours of his time to representing Mr. Titus. Such *pro bono* public service is of great value to this Court and the administration of justice generally.

*It is so recommended.*

Entered December 3, 2015

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE